ASHLEY, (BLIGHT v.)    See Case No. 1,541.
ASHLEY, (BOURNE v.)    See Case No. 1,699.
ASHLEY, (COLUMBIAN INS. CO. OF ALEXANDRIA v.)    See Case No. 3,038.
ASHLEY, The, (ELDRIDGE v.)    See Case No. 4,333.
ASHLEY, (RUSSELL v.)    See Case No. 12,-150.

---

## Case No. 582.

### ASHTON v. BURBANK et al.

[2 Dill. 435;[1] 4 Bigelow Ins. Cas. 149.]

Circuit Court, D. Minnesota. 1873.

STOCKHOLDER'S LIABILITY — POWER TO FORFEIT STOCK — EFFECT OF FORFEITURE — RADICAL CHANGE OF CHARTER.

1. An incorporated company which exercises its power to forfeit the stock of the subscriber for the non-payment of a call, cannot afterwards recover upon a note given to it by such subscriber for a previous unpaid assessment on his stock.

2. The change in the charter of a "life and accident" insurance company, whereby such company is also authorized to transact the business of "fire, marine, and inland insurance," is of such a radical character as to discharge previous subscribers, who do not assent to the change, from liability to pay future assessments on their stock.

At law. This is an action on a promissory note, dated August 19, 1867, for $3,000, made by the defendants to the Provident Life Insurance and Investment Company. The defendants were subscribers of that company, and the note in suit was given for an assessment upon their stock. The original charter of said company authorized it to transact a "life and accident insurance" business. After the defendants' subscription to the stock, the charter was amended, and the name of the company changed to the Eagle Insurance Company, and it was also authorized, by the amended charter, to transact the business of "fire, marine, and inland insurance." The amended charter was accepted, but, in point of fact, the company took no risks during the short period it afterwards did business, except such as were authorized by its original charter. Subsequently, the company, being then in possession of the note in suit, forfeited, under authority given in its charter, the stock of the defendants therein. The note in suit, when long past due, was transferred by the company to the plaintiff. Based upon these facts, two special defenses are made to the note, the facts relating to which appear in the special verdict, and the question on the special verdict is whether either of these defenses is sufficient in law to defeat a recovery on the note. The special verdict is in these words:

"The note was executed by the defendants, and is now the property of the plaintiff by assignment and purchase from the payee after due, and the plaintiff is entitled to recover thereon the full amount thereof, less the credit indorsed on the same, of

$157.50, October 10, 1868, unless the following facts, which we state in the form of a special verdict, constitute a defense:—

"First Special Defense.—We find the following facts: The Provident Life Insurance and Investment Company, the payee of the note in suit, was chartered by the legislature of the state of Illinois, February 13, 1865 (Laws of 1865, p. 761, made a part of this verdict), 'to carry on the business of life and accidents insurance' at Chicago, with power to establish a branch at Peoria, Illinois. The defendants, living in Minnesota, subscribed to the stock of said company, each in the sum of $5,000, and paid, in cash, at the time of the subscription, ten per cent thereon. Some months afterwards, the company made an assessment of fifteen per cent on said stock, and it was for, or in payment of, this assessment, that the note in suit was given. That is, the consideration of said note in suit is the aforesaid assessment of fifteen per cent upon the defendants' said subscription to the said stock of said company. Two days after the note in suit was given, the defendants received from the said company certificates of stock, which recite that twenty-five dollars on each share had been paid. Each certificate is as follows:—

"'Capital, $1,000,000. Shares, $100 each. Provident Life Insurance and Investment Company, Chicago, Illinois. No. 417. 50 Shares. Be it known, that J. C. Burbank, Esq., is entitled to fifty shares of the capital stock of the Provident Life Insurance and Investment Company, on which has been paid twenty-five dollars on each share, and holds the same subject to the conditions and stipulations contained in the act of incorporation of said company; which shares are transferable on the books of the company, at its office, in Chicago, by the said Burbank or his attorney, on the surrender of this certificate and payment of all installments then due, and when such transfer shall be sanctioned and approved by the transfer agent. [Seal.] Witness the signature of the president and secretary, and the seal of the company, attached. Chicago, August 21, 1867. I. Y. Munn, President. C. Holland, Secretary.

"'This certificate to be surrendered on payment of the next installment, when a new one will be given.'

"This amount was made up as follows, viz: the ten per cent paid at the time of the subscription, and the said fifteen per cent for which the note in suit was executed as aforesaid. On the 10th of October, 1868, the defendants paid the payee $157.50 as interest, being the amount indorsed thereon.

"Subsequently, to-wit, on the 3d day of March, 1869, the legislative assembly of Illinois passed an act as follows: 'An act to amend an act to incorporate the Provident Life Insurance and Investment Company,' approved February 13, 1865. Sec. 1. Be it enacted by the people of the state of Illinois, represented in the general assembly,

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

That so much of section 1 of said act, to which this is amendatory, as relates to the name and style of the corporation, and sections 5 and 15 of the said act, to which this is amendatory, be, and the same are hereby, repealed. Sec. 2. The name and style of the company shall be and is Eagle Insurance Company, and the said company may transact fire, marine, and inland insurance; and may hold an annual meeting of the shareholders on the first Tuesday of July, for the election of thirteen directors, to serve until their successors be chosen. Approved March 3, 1869.'

"The defendants neither procured nor assented to said last mentioned act, nor did they know of it until after its passage, and thereupon they protested against it, and refused to pay the note in suit on this ground. Subsequently the said Eagle Insurance Company ceased to do business, and this note, among other assets, was sold to the plaintiff in the year 1871, in payment of a debt due from the Eagle Insurance Company to him. After the said amendment of the charter of March 3, 1869, the Eagle Insurance Company did not, in fact, transact any fire, marine, or inland insurance business, or do any other business than such as was authorized by the original charter.

"Second Special Defense.—We find all the foregoing facts, and also the following, to-wit: Under the second section of the charter of the Provident Life Insurance and Investment Company, calls were made upon the defendants in September, 1869, for the payment of an additional assessment of twenty per cent upon their stock, payable October 25, 1869, which they neglected and refused to pay, and that the board of directors of the Eagle Insurance Company, on the 2d day of December, 1869, declared all the stock on which said assessment had not been paid, including defendants' said stock, forfeited; and soon after new stock subscriptions were received from new subscribers, and the old directors went out, and new directors, elected by the new stockholders, came in; and the Eagle Insurance Company ceased to do active business or issue new policies after January, 1870."

The provision in the charter of the company in relation to the forfeiture of stock is, that if any shareholder or subscriber shall neglect to pay a call for a specified number of days, "it shall be lawful for the directors to declare the shares forfeited to the company, and all previous payments made thereon."

Gilman, Clough, & Wilde, for plaintiff.

E. C. Palmer, for defendants.

Before DILLON, Circuit Judge, and NELSON, District Judge.

DILLON, Circuit Judge. We hold the following propositions:

1. The plaintiff taking the note in suit directly from the company, long after it was due, and after the change in the charter, and after the action of the company forfeiting the defendants' stock therein, stands precisely in the place of the company, and cannot recover on the note unless the company could have recovered, had the action been brought by it.

2. The note being given for an unpaid stock assessment, represents, for all the purposes of this action, that assessment, and the note not having been paid, it follows that the defendants have not paid the stock assessment for which the note was given. Under its charter, the company had the power, if any assessment upon stock subscribed was not paid, to forfeit the stock and all previous payments thereon; or, at its election, the company would have the right to sue for such assessment. But the two courses are inconsistent, and it must elect whether to sue for and recover the stock subscription, or to forfeit the stock. It cannot do both. Having elected, in this case, to forfeit the defendants' stock, it cannot afterwards recover for a prior unpaid assessment; and this doctrine, which was conceded in argument, is not, in our judgment, varied, as the plaintiff's counsel contends, by the circumstance that the company, at the time of the forfeiture of the stock, held the defendants' note for such prior unpaid assessment. Small v. Herkimer Manuf'g Co., 2 Comst. [2 N. Y.] 330.

3. The change in the charter, by which a life and accident company was authorized to transact fire, marine, and inland insurance, is an organic change of such a radical character as to discharge previous subscribers to the stock of the company from any obligation to pay their subscription, unless the change is expressly or impliedly assented to by them. Here there was no such assent, and no acquiescence in the structural change made in the charter of the company. The company could not, against such a subscriber, maintain a suit to collect his subscription, and take the money and use it as capital for the transaction of business under the charter as altered. We think, in such a case, the subscriber is not bound to enjoin action under the amended charter, but may, if he elects, defend against an action to recover on his subscription to the stock.

If the company accepted the amended charter, as it did by adopting the new name, it is not essential to such a defense to show that at the time of the trial the corporation had actually exercised the enlarged powers conferred upon it. The defendants are not bound, on their subscription, to pay to the company money which, if paid, may be used as capital to carry on the business authorized by the amended charter.

Judgment for the defendants.

NELSON, District Judge, concurs.

NOTE, [from original report.] Liability of stockholders to creditors. Haskins v. Harding, [Case No. 6,196;] Payson v. Stoever, [Id. 10,863.]